UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY JOINER, No. 01834-028,

                Petitioner,        Case Number 11-14061

                                              HONORABLE STEPHEN J. MURPHY, III

v.

J.S. WALTON,

                Respondent.
_____/

**OPINION AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Jimmy Joiner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the results of a prison disciplinary proceeding. Petitioner claims that the prison violated his due process rights when it disallowed him 27 days of good conduct time and suspended his visiting, phone, and commissary privileges as a penalty for sending fraudulent financial documents to a corrections officer. Joiner asks this Court to issue an order restoring his good conduct time. For the reasons stated below, the Court denies the petition.

**BACKGROUND**

    Petitioner is a federal prisoner confined at the Federal Correctional Institution (FCI), Milan, Michigan. He is serving a 75-month term of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and escape, in violation of 18 U.S.C. §§ 751(a) and 4082(a). He was also convicted in the Eastern District of Arkansas and sentenced to a 60-month term of imprisonment for conspiracy to injure a judicial officer in his or her property, in violation of 18 U.S.C. § 372. His projected release

date is November 9, 2013.

In July of 2010, Joiner attempted to extort $3,000,000 from Arturo Aviles, unit manager at FCI Milan, through fraudulent Uniform Commercial Code (UCC) documents and other fictitious financial obligation documents. Specifically, Joiner mailed a certified letter to Aviles claiming that Aviles used Joiner's copyrighted name without authorization. Petitioner claimed that Aviles owed him $500,000 per occurrence, plus triple damages.

On July 20, 2010, David Dolber, a Lieutenant in the Special Investigative Services Department at FCI Milan, filed an incident report charging Joiner with interfering with a staff member in the performance of duties (code 298), demanding anything or receiving money or anything of value in return for protection against others, to avoid bodily harm, or under threat of informing (code 204), and threatening another with bodily harm or any other offense (code 203). Because of incorrect and conflicting dates contained in the report, the case was reviewed multiple times by the Unit Discipline Committee (UDC).

A final incident report was issued on November 23, 2010, and delivered to Joiner on the same day. The UDC re-heard the incident report and referred the charges to a Discipline Hearing Officer (DHO) for further hearing because it felt the incident warranted sanctions greater than it was allowed to impose.

Petitioner was provided with written notice of the DHO hearing and his rights at the hearing. Joiner asked to have a staff representative appear on his behalf, but he did not request any witnesses at the hearing. The DHO held the hearing on January 28, 2011. The DHO informed Joiner of his due process rights at the hearing, and Joiner indicated his understanding of his rights. Joiner asserted that he could not have sent the fraudulent documents because he did not have access the mail system used by the sender. The

DHO rejected this defense after considering the evidence presented to it. The DHO did not find that Joiner violated Codes 298, 203, or 204 — the ones cited in the notice of hearing — but it and found that Joiner committed the prohibited act of "conduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons" (code 299).

The DHO decision stated that it was based upon the reporting officer's and Joiner's statements, supporting documentation, and on a comparison of the signature on the letter sent to Aviles with samples of Joiner's handwriting contained in the central file. Joiner was sanctioned by loss of 27 days of good conduct time, 30 days of disciplinary segregation, and 90 days loss of commissary, phone, and visiting privileges. The DHO report was delivered to Joiner on November 4, 2011. Meanwhile, Joiner had already filed the instant petition for a writ of habeas corpus on September 19, 2011.

## DISCUSSION

Joiner claims that his federal procedural due process rights to fair notice were violated because the BOP never informed him that he was being charged with a violation of Code 299. He asserts that because he was not provided notice of this charge he was denied his right to a hearing on that charge and to present evidence to defend against it. As a remedy, Joiner seeks an order vacating the BOP sanction disallowing 27 days of good conduct time. Respondent asserts that the petition should be dismissed because Joiner did not exhaust his administrative remedies before filing the petition and because his claim is without merit. The Court need not address the exhaustion argument because Joiner is not entitled to relief on the merits.

The BOP disciplinary process is fully outlined in the Code of Federal Regulations,

3

Title 28, §§ 541.10-541.23. These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and investigation pursuant to 28 C.F.R. § 541.14. The matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a Disciplinary Hearing Officer for a finding. 28 C.F.R. § 541.15.

The Due Process Clause of the Fifth Amendment to the United States Constitution imposes minimal procedural requirements that must be satisfied in prison disciplinary proceedings for serious infractions that could result in the loss of acquired good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). However, prison disciplinary proceedings are not part of the criminal prosecution, and the full panoply of rights due to a defendant in a criminal prosecution, or those mandated for parole and probation revocation hearings, need not be followed in all respects. *Id.* at 556, 562. In the prison disciplinary context, due process requires only that the prisoner be given advanced written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written statement by the fact-finders of the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-66.

Petitioner argues that his due process rights were violated because the DHO found that he had violated a different code number that the ones contained in the notice. In *Holt v. Caspari*, 961 F.2d 1370 (8th Cir. 1992), the Eighth Circuit Court of Appeals found that a notice of disciplinary charges satisfied the due process requirements prescribed by *Wolff*,

even though the notice charged the prisoner with "possession of contraband under Rule 24," and he was later found more guilty of the more serious offense of possession of "dangerous contraband under Rule 3." *Id.* at 1373.

The Court reasoned as follows:

> This court has held in *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir.1981) (per curiam), that *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense. That the Adjustment Board considered the contraband to be sufficiently dangerous to warrant an increased penalty may have been to Holt's detriment, but did not change the factual charge that had been made against him, namely possession of Valium. Any defense he would assert would not differ because of the increase in the penalty. The facts are set forth plainly and clearly, and a constitutional violation has not been charged.

*Id.*

In the present case, as in *Holt*, the notice of the charges at issue met the due process requirement set forth in *Wolff* because it described the nature of the disciplinary charge as well as the facts and circumstances on which the charge was based in a manner that allowed for a meaningful response. No matter the particular code number, Joiner was notified that the disciplinary charges against him involved the allegation that he had sent fraudulent financial documents to Aviles. In other words, the notice was sufficient to give Joiner a chance to defend himself regarding the allegations made against him. Therefore, the notice satisfied the due process requirement, and his claim is without merit.

## CONCLUSION

**WHEREFORE** it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 8, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager